STATE, Plaintiff, vs. BAER, Defendant.

*May 19—June 21, 1938.*

*Spencer Haven* of Hudson, attorney for the plaintiff and special counsel for the Board of State Bar Commissioners.

For the defendant there was a brief by *Leo J. Landry* and *George Skogmo,* and oral argument by *Mr. Skogmo, Mr. Landry,* and *Mr. James E. Finnegan,* all of Milwaukee.

PER CURIAM. The findings of fact are amply supported by the evidence, and indeed are based upon the admissions of the defendant. The only question now before the court is whether it must approve the recommendations of the referee, which are as follows :

"That the license of the defendant to practice law be revoked, and that he be forbidden to further engage in the practice of law or to hold himself out to the public as a lawyer."

Able counsel for the defendant have fully portrayed the severity of this ruling in its effect upon the defendant's means of earning a living for himself and his family. Every

consideration that may properly be taken into account has been forcefully presented in briefs and in argument. Instances of unethical conduct on the part of other members of the bar have been mentioned, and cases in which suspension or reprimand have been deemed a sufficient punishment. "The profession may not be sinless but all of its sins are unprofessional." One may not be excused because others have offended. There is no dispute as to the course of conduct followed by defendant since he was admitted to the bar some twenty-two years ago. There can be no doubt that he has constantly violated the code of ethics of the legal profession.

From the beginning of his career, defendant sacrificed ethical considerations in the pursuit of business and profits. He built up a considerable fortune and then saw it swept away by hard times. While the loss of fortune may explain a man's conduct, it does not excuse it. A member of the legal profession must be willing to sacrifice financial success, if need be, in order to maintain the wholesome standard of professional conduct. When a man is willing to make the sacrifice the other way, to cast aside professional dignity and flout the moral implications of the lawyer's oath for the sake of selfish profit, there is no escaping the conclusion that such a one is unfit to practice law.

If the defendant's various collection agencies had employed the services of a reputable and capable lawyer, there could have been no such abuses of legal process as are disclosed by the referee's report. If defendant had not held out to the public that his agency enjoyed the benefit of a lawyer's advice and services, he could not have charged as he did, or used the form of contract which is set out in the report. He so confused his professional standing with his commercial business that he lost sight of his duty as an officer of the court. To the defendant, admission to the bar seems to have meant no more than an opportunity to secure more business and to impose upon the inexperienced debtors

with whom he had dealings while conducting a collection agency. He gave little or no consideration to the distress he might cause by failure to serve papers in the regular way, but was willing to use the legal process not as a promise of justice but as a threat of disgrace and humiliation. His methods were such as to give just cause for complaint not only to the debtors whom he pursued, but also to the clients whom he pretended to represent.

The referee said:

"These collection agencies under these different names were all owned, operated and dominated by the defendant personally. Their activities and advertising cannot be separated from the life, activities and practice of the defendant as a lawyer."

The confusion of professional and commercial activities was the cause of the defendant's present difficulty. We do not consider it necessary to recount the evidence. We can only say that the findings warrant the following observations of the referee:

"The defendant never had any real conception of the function of the legal profession. His knowledge of law and practice was slight. He had no real training in or knowledge of legal ethics. He was a diligent collector but ruthless in pursuing debtors and recklessly regardless of the methods employed, either in obtaining business or pursuing debtors. . . . He is, however, intelligent and knew the collection business thoroughly. He can fairly be charged with responsibility for knowledge of all the practices that went on in his business. The defendant is unfortunate. In my judgment he never should have been a lawyer."

The recommendations of the referee must be approved. It is hereby ordered and adjudged that the license of the defendant to practice law be revoked and that he be forbidden to further engage in the practice of law or to hold himself out to the public as a lawyer.